UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| William Allen GARRETT<br><br>         Plaintiff,<br><br>v.<br><br>ADJOIN, et al.,<br><br>         Defendants. | Case No.: 25-cv-2806-AGS-VET<br><br>**ORDER GRANTING IFP MOTION (ECF 2) AND DISMISSING COMPLAINT** |

Plaintiff William Garrett moves for appointed counsel. That motion also contains paperwork that the Court construes as a request to proceed *in forma pauperis*, that is, without paying the usual $405 in court fees. *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999) ("An action may proceed despite failure to pay the filing fees only if the party is granted IFP status."); 28 U.S.C. § 1914(a) ("filing fee of $350"); Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023) ("Administrative fee" of "$55"). Garrett is "homeless," has no assets, suffers from "severe mental illnesses," and his disability income barely covers his monthly expenses and ability to provide for his pet "cat." (ECF 2, at 9–10.) Based on these representations, the Court finds that he is unable to pay the required fees.

Next, the Court must screen the complaint and dismiss it if it is "frivolous" or "fails to state a claim." 28 U.S.C. § 1915(e)(2)(B). Garrett stumbles on a threshold requirement: the plaintiff's duty to "establish[] subject matter jurisdiction." *See Camel v. Weber*, No. 22-16068, 2023 WL 4311627 (9th Cir. July 3, 2023). To establish subject-matter jurisdiction, the complaint must typically include a "federal question" or show the parties' "diversity." *See* 28 U.S.C. §§ 1331, 1332. Garrett's complaint does neither.

For federal-question jurisdiction, Garrett's lawsuit would need to arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Garrett is purportedly suing to protect his "Constitutional rights," which suggests that he relies on federal civil-rights law—specifically, 42 U.S.C. § 1983. (*See* ECF 1, at 4.) But he only

1

alleges actions by *private* entities. (*See generally* ECF 1.) A § 1983 civil-rights claim requires *government* action, that is, the defendant must typically be a state official acting "under color of" law. *See* 42 U.S.C. § 1983. Though Garrett is suing a federally funded housing-assistance program (*see* ECF 1, at 1), this does not make the organization a state actor. *See Blum v. Yaretsky*, 457 U.S. 991, 992 (1982) (finding that actions by a government-funded entity did not establish "state action"). Other than vague mentions of his constitutional rights, Garrett does not cite to any federal law to support his claims. In fact, he suggests that the nature of his suit is "other contract," "other personal injury," "property damage product liability," and "housing/accommodations." (*See* ECF 1-1.) Thus, Garrett's complaint does not provide this Court federal-question jurisdiction.

For diversity jurisdiction over cases involving only domestic litigants, among other requirements, the parties must be "citizens of different States." 28 U.S.C. § 1332(a)(1). Yet Garrett and the defendants are all residents of California, according to the complaint. (*See* ECF 1-1.) At any rate, Garrett does not allege that they are citizens of different states. (*See id.*) So, this Court does not have diversity jurisdiction either.

To the extent this Court construes Garrett's motion as a request to proceed *in forma pauperis*, that request is **GRANTED**. But the motion for appointed counsel is **DENIED** for the same reasons that the complaint did not survive IFP screening. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (requiring that the Court evaluate a plaintiff's "likelihood of success on the merits" in the appointed-counsel analysis). Garrett's complaint is **DISMISSED** without prejudice and with leave to amend.

Any amended complaint is due by **December 22, 2025**, and Garrett may renew his attorney-appointment request alongside his amended complaint.

Dated: November 17, 2025

_____
Hon. Andrew G. Schopler
United States District Judge